In re Edward KELIN and Robin Kelin, Debtors.

James R. Walsh, Trustee of the Bankruptcy Estate of Edward and Robin Kelin, Movant,

v.

Edward Kelin and Robin Kelin, Respondents.

No. 01–29627 BM.

United States Bankruptcy Court, W.D. Pennsylvania.

May 11, 2006.

James R. Walsh, Chapter 7 Trustee.

Loreen M. Kemps, Duncansville, PA, for Debtors/Respondents.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors Edward Kelin and Robin Kelin have taken allowed exemptions in a prepetition lawsuit brought by debtor Robin Kelin. The exemptions were claimed in accordance with §§ 522(d)(5), (d)(11)(D) and (d)(11)(E) of the Bankruptcy Code.

Now that the lawsuit has been settled, the chapter 7 trustee has brought a motion to determine how much of the settlement proceeds, if any, shall be distributed to debtors in accordance with their allowed exemptions. He maintains that, despite his allowed exemptions, debtor Edward Kelin is not entitled to receive any of the settlement proceeds because he had no property interest in the lawsuit prior to the filing of debtors' bankruptcy petition. The trustee further maintains that debtor Robin Kelin is entitled to receive only a portion of the settlement proceeds in light of her allowed § 522(d)(5) exemption. She is not entitled to receive any additional settlement proceeds, the trustee continues, even though the exemptions she has taken in accordance with §§ 522(d)(11)(D) and (d)(11)(E) were allowed.

Debtors respond that the chapter 7 trustee may not now object to their exemptions when he did not previously object to them within the time frame prescribed in Federal Rule of Bankruptcy Procedure 4003(b).

We conclude for reasons set forth below that debtor Edward Kelin had no property interest in the lawsuit and that, his allowed exemptions notwithstanding, he is *not* entitled to receive any of the settlement proceeds. As for debtor Robin Kelin, we conclude that she is entitled to receive $9,150.50 of the settlement proceeds on account of her allowed exemption in accordance with § 522(d)(5). She is not, however, entitled to receive any additional portion of the settlement proceeds despite her allowed exemptions in the lawsuit claimed in accordance with §§ 522(d)(11)(D) and (d)(11)(E). The chapter 7 trustee will be directed to distribute to creditors in accordance with the relevant provisions of the Bankruptcy Code the settlement proceeds remaining after debtor Robin Kelin is paid.

### —FACTS—

Debtors Edward Kelin and Robin Kelin are husband and wife, respectively.

Debtor Robin Kelin was injured in February of 1999 when the vehicle she was driving was struck by a vehicle driven by an employee of Commonwealth Edison Company in the course of his employment.

She sustained injuries to her face, neck and left knee.

Later on in 1999, debtor Robin Kelin brought a negligence action against Commonwealth Edison in The Circuit Court of Cook County, Illinois, seeking monetary damages for her personal and pecuniary injuries. Debtor Edward Kelin was not a party to the lawsuit.

The retainer agreement debtor Robin Kelin executed prior to commencement of the lawsuit provided that the attorney who was to represent her would receive one-third of any recovery achieved in the lawsuit plus reasonable actual costs incurred.

Debtors, who had relocated to Pennsylvania in June of 2000, filed a voluntary chapter 7 petition on September 1, 2001. The above lawsuit was still pending at the time of the bankruptcy filing.

A chapter 7 trustee was appointed shortly thereafter to administer debtors' bankruptcy estates.

The schedules accompanying debtors' petition identified assets with a total declared value of $149,365 and liabilities totaling $243,052. Included among the assets was the above lawsuit. No value was assigned to it. Debtors claimed no exemption in the lawsuit in the schedules as originally filed.

Approximately two months later, debtors amended Schedule C and claimed various exemptions in the lawsuit. First, debtors claimed exemptions in the total amount of $16,150 in accordance with § 522(d)(5) of the Bankruptcy Code. They also claimed exemptions totaling $32,300 in accordance with § 522(d)(11)(D). Finally, they claimed exemptions in the amount of "100% of comp. for loss of earnings" in accordance with § 522(d)(11)(E). Neither the chapter 7 trustee nor any party in interest objected to the claimed exemptions during the thirty-day period following the filing of amended Schedule C.

Upon motion by the trustee, the attorney retained by debtor Robin Kelin to bring the above lawsuit was appointed as special counsel to pursue the lawsuit on behalf of the bankruptcy estate under the same terms as he had agreed to in representing debtor Robin Kelin.

Due to the efforts of special counsel, Commonwealth Edison agreed to settle the lawsuit for the sum of $60,000. Thereafter, the chapter 7 trustee brought a motion requesting approval of the settlement and requesting authorization to pay special counsel the sum of $20,000 plus costs advanced in the amount of $2,178.40.

The trustee asserted in the motion that $37,821.60 of the settlement proceeds would remain after special counsel was paid. He further asserted that allowed claims against the bankruptcy estate totaling $19,224.63 as well as administrative expenses remained to be paid from the settlement proceeds. Finally, the trustee noted that the amount, if any, of the settlement proceeds to be paid to debtors in light of their allowed exemptions would have to be litigated.

The trustee's motion to approve the settlement and to pay special counsel was granted on October 2, 2003.

Thereafter, the chapter 7 trustee brought the present motion seeking a determination concerning what portion, if any, of the remaining settlement proceeds should be apportioned to the various allowed exemptions debtors had taken in the lawsuit. An evidentiary hearing on the motion has occurred and the matter is now ready for decision.

—DISCUSSION—

—I—

*Is The Trustee Barred From Pursuing This Motion?*

The agreement with Commonwealth Edison did not expressly allocate portions of

the settlement to specific kinds of damages. It did not, for instance, specify how much, if any, of the proceeds constituted compensation for debtor's physical injuries, how much was for her pain and suffering, how much was for her actual pecuniary loss and how much was for debtor Robin Kelin's lost future earnings on account of her injuries.

After paying the fees and costs of special counsel, the trustee retains $37,821.60 of the settlement proceeds for distribution. How much, if anything, of the settlement proceeds debtors are entitled to receive in light of the allowed exemptions they have claimed in the lawsuit remains to be determined.

Although debtors had not filed a response to the trustee's motion, we scheduled the matter for an evidentiary hearing instead of entering a default order in favor of the trustee. Debtors and their counsel appeared at the evidentiary hearing and opposed the trustee's motion.

■ At the evidentiary hearing, debtors did not challenge the trustee's position concerning what portion of the settlement proceeds was allocable to the various allowed exemptions debtors had claimed and what portion was available to pay debtors' creditors. They instead asserted that the trustee could not now challenge their amended exemptions because the he had not objected to them within the period of time prescribed by Federal Rule of Bankruptcy Procedure 4003(b), exemptions. As authority for their position, debtors cited to *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The issue as framed in *Freeland & Kronz* was whether the trustee was permitted to contest the validity of an exemption claimed by the debtor after the thirty-day period for objection found at Federal Rule of Bankruptcy Procedure 4003(b) had

passed when there was no colorable basis for the claimed exemption. *Id.*, 503 U.S. at 639, 112 S.Ct. at 1646. Applying what it viewed as the clear and unambiguous language of § 522(*l*) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003(b), the Supreme Court concluded that the trustee was *not* permitted to object after the thirty-day period had run its course. *Id.*, 503 U.S. at 642, 112 S.Ct. at 1647–48. In arriving at this conclusion, the Supreme Court rejected the proposition that a trustee could object after the thirty-day period had passed if the exemption was not claimed in good faith. *Id.*, 503 U.S. at 643–45, 112 S.Ct. at 1648–49.

Debtors' reliance upon the holding in *Freeland & Kronz* is misguided in this instance.

The chapter 7 trustee is not now objecting, as debtors evidently believe, to the allowability of the specific exemptions they have taken. He concedes that the exemptions are allowed by operation of law and are now unassailable. To the contrary, the trustee seeks a determination as to whether any of the settlement proceeds fall within the scope of those statutorily defined exemptions. Are the settlement proceeds, in other words, property "of the kind" debtors have exempted?

Section 522(*l*) of the Bankruptcy Code provides in part as follows:

> The debtor shall file a list of property that the debtor claims as exempt. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(*l*).

■ A bankruptcy estate is created at the time of the commencement of the bankruptcy case. 11 U.S.C. § 541(a). With certain exceptions not relevant here, the bankruptcy estate generally is com-

prised of all legal and equitable interests of the debtor in property at that moment. 11 U.S.C. § 541(a)(1). When a claimed exemption is allowed, the property is withdrawn from the bankruptcy estate and becomes unavailable for liquidation and distribution to a debtor's creditors. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

Nothing in § 522(*l*), however, indicates or suggests that property listed as exempt *ipso facto* becomes property "of the kind" claimed as exempt. *Mercer v. Monzack,* 53 F.3d 1,3, (1st Cir.1995), *cert. denied,* 517 U.S. 1103, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996).

The language of § 522(*l*) supports this proposition. What a debtor may exempt is property in which the debtor has an interest. Assuming that such a property interest exists, the *property* becomes exempt "unless a party in interest objects". Even if no such interest in property exists, the exemption is allowed when no party in interest objects. Such an exemption, however, is "empty", as there is no property "of the kind" to which the exemption can attach.

Freeland & Kronz recognized only that in the absence of a timely objection, property of the bankruptcy estate becomes exempt without regard to whether it is property "of the kind" entitled to exemption under § 522(d). *Mercer,* 53 F.3d at 3.

The undertaking of the trustee in this instance is unaffected by the holding of *Freeland & Kronz.* Instead of objecting to exemptions which already have been allowed, the trustee seeks a determination as to whether any of the settlement proceeds are "of the kind" debtors have exempted according to the various subparts of § 522(d).

—II—

*What Portion Of The Settlement Proceeds Is Debtor Edward Kelin Entitled To Receive In Light Of His Allowed Exemptions?*

■ Debtors claimed exemptions totaling $16,150 pursuant to the unused portion of § 522(d)(1), as provided for at § 522(d)(5). They also claimed exemptions totaling $32,300 pursuant to § 522(d)(11)(D) as well as exemptions in the amount of "100% of comp. for loss of [future] earnings" pursuant to § 522(d)(11)(E).

These totals are the *combined* exemptions debtors have claimed in accordance with the above provisions. Each debtor, in other words, has exempted one-half of the total amount exempted in accordance with § 522(d)(1) and (d)(5)—i.e., $8,075 apiece; one-half of the total amount exempted in accordance with § 522(d)(11)(D)—i.e., $16,150 apiece; and one-half of the total amount exempted in accordance with § 522(d)(11)(E)—i.e., fifty percent apiece of "100% of comp. for loss of [future] earnings".

According to the chapter 7 trustee, debtor Edward Kelin is not entitled to receive *any* of the settlement proceeds on account of his allowed exemptions because he had no property interest in the lawsuit when debtor filed their chapter 7 petition.

We agree with this assertion. The settlement proceeds are not property "of the kind" in which debtor Edward Kelin has claimed allowed exemptions. The exemptions, in other words, are "empty".

Only debtor Robin Kelin executed the agreement to retain counsel, who later on was employed by the chapter 7 trustee as special counsel, to bring the above lawsuit on her behalf. Debtor Edward Kelin was not a party to the retainer agreement.

Also, debtor Robin Kelin was the only plaintiff named in the complaint. Debtor Edward Kelin was not so named.

Moreover, the complaint asserts a cause of action only for the personal injuries *suffered by debtor Robin Kelin* as a result of the alleged negligence of an employee of Commonwealth Edison while acting in the course of his employment. The *ad damnum* clause demands monetary damages only for *her* physical and pecuniary injuries. The complaint states no cause of action whereby debtor Edward Kelin might be entitled to recover monetary damages in his own right for the physical injuries of his wife. He is not mentioned at all in the *ad damnum* clause.

Only debtor Robin Kelin executed the release in connection with the settlement agreement. Debtor Edward Kelin signed the release only as a witness, not as a party to it. Had he been a party to the lawsuit, he surely would have executed the release as a party and not merely as a witness.

We conclude in light of the foregoing that debtor Edward Kelin had no property interest in his own right in the lawsuit. More precisely, he had no property interest "of the kind" identified by the various provisions of § 522(d) upon which his allowed exemptions are based. He therefore is not entitled to receive any of the settlement proceeds on account of his allowed exemptions in the lawsuit.

—III—

*What Portion Of The Settlement Proceeds Is Debtor Robin Kelin Entitled To Receive In Light Of Her Allowed Exemptions?*

■ Debtor Robin Kelin claimed exemptions in the above lawsuit in accordance with various subparts of § 522(d), which provided as follows when debtors filed their chapter 7 petition on September 19, 2001:

(d) The following property may be exempted:

(1) The debtor's interest, not to exceed $17,425 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . .

(5) The debtor's aggregate interest in any property, not to exceed in value $925 plus up to $8,725 of any unused amount of the exemption provided under paragraph (1) of this section. . . . (11) The debtor's right to receive, or property that is traceable to,—

. . . .

(D) a payment, not to exceed $17,425, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C. § 522(d).

As was noted previously, the settlement agreement did not allocate specific amounts of the settlement proceeds to specific types of injuries allegedly suffered by debtor Robin Kelin—e.g., for personal bodily injury, pain and suffering, actual pecuniary loss, or loss of future earnings.

Debtors offered nothing at the evidentiary hearing which might establish what portions of the settlement proceeds, if any, lie within the scope of debtor Robin Kelin's allowed exemptions. They instead responded—albeit erroneously—merely that the trustee's motion ran afoul of the holding of *Freeland & Kronz.*

We are inclined to the proposition that debtor Robin Kelin has the burden of proving what portions of the settlement proceeds, if any, fall within the scope of her allowed exemptions. If this is correct, it follows straightaway that she has not met her burden because she offered no evidence at all concerning this issue.

We need not, however, proceed on this basis. Irrespective of who has the burden of proof here, the trustee presented evidence at the hearing which makes it more likely than not that *none* of the settlement proceeds in this case lie within the scope of §§ 522(d)(11)(D) or (d)(11)(E). A portion of the settlement does, however, fall within the scope of § 522(d)(5).

The agreement whereby debtor Robin Kelin retained counsel to bring the above lawsuit on her behalf provided that counsel would receive one-third of any recovery in the lawsuit plus reasonable actual expenses. It is reasonable to infer from this that one-third of the settlement proceeds—i.e., $20,000—was meant to pay her counsel. With the approval of this court, the chapter 7 trustee has already paid counsel the sum of $20,000 plus costs in the amount of $2,178.60. A total of $37,821.60 remains for distribution.

According to § 522(d)(11)(D), a debtor may exempt his or her right to payment for personal bodily injury, "not including pain and suffering or actual pecuniary loss".

Its apparent clarity notwithstanding, § 522(d)(11)(D) has caused considerable consternation. In light of its express exclusion of pain and suffering, courts have wrestled with what it would mean to suffer personal bodily injury without also experiencing at least some pain and suffering. Various courts have proposed different solutions to this problem for purposes of § 522(d)(11)(D). See *In re Ciotta*, 222 B.R. 626, 631–32 (Bankr.C.D.Cal.1998).

We fortunately need not address this issue to determine whether any portion of the settlement proceeds constituted payment for debtor Robin Kelin's "personal bodily injury". *All* of the remaining settlement proceeds were for her "actual pecuniary losses".

Debtor Robin Kelin suffered injuries to her neck, back and left knee in the motor vehicle collision.

At the time of the collision, debtor Robin Kelin was earning $2,666.66 per month working as a certified nursing assistant in an area outside of Chicago. Due to her injuries, she was not able to work at all for nine months. Her actual pecuniary loss during this period was $23,999.94 ($2,666.66 × 9 = $23,999.94).

Instead of returning to work as a certified nursing assistant, debtor Robin Kelin took a part-time desk job in November of 1999. She earned $900 per month in this job. Her actual pecuniary loss during this month was $1,766.66 ($2,666.66—$900.00 = $1,766.66).

Debtor Robin Kelin took a temporary leave of absence from her desk job in December of 1999 to have surgery to repair her left knee. Her actual pecuniary loss for this month was $2,666.66.

After the surgery, debtor Robin Kelin returned to her desk job in January of 2000 at the same rate of pay. She voluntarily resigned in June of 2000 and returned to Pennsylvania to care for her ailing father. Her actual pecuniary loss for these six months was $10,599.96 ($1,766.66 × 6 = $10,599.96).

Upon returning to Pennsylvania, debtor Robin Kelin found work as a certified nursing assistant at an hourly rate that was some $4.00 less than she had earned before the motor vehicle collision in February of 1999. The record does not indicate

whether she remains employed to date and, if so, what her present income is.

From February of 1999, when she was injured, until June of 2000, when she voluntarily quit her job and relocated to Pennsylvania, debtor Robin suffered an actual pecuniary loss in the way of lost earnings totaling \$39,033.22 (\$23,999.94 + \$1,766.66 + \$2,666.66 + \$10,599.96 = \$39,033.22).

Debtor Robin Kelin's actual pecuniary loss for purposes of § 522(d)(11)(D) was not limited to earnings she lost because of her injuries. She also incurred medical costs totaling \$14,207 for treatment of her injuries.

The total actual pecuniary loss debtor Robin Kelin suffered as a consequence of the motor vehicle collision was \$53,240.22 (\$39,033.22 + \$14,207.00 = \$53,240.22). In the absence of any evidence to the contrary, we conclude that *all* of the settlement proceeds remaining after the chapter 7 trustee paid her attorney were compensation for debtor Robin Kelin's actual pecuniary losses. As such, the proceeds do not fall within the scope of § 522(d)(11)(D) and therefore are not subject to the allowed exemption she claimed in the lawsuit in accordance with this provision.

■ Furthermore, no portion of the settlement proceeds was compensation for purposes of § 522(d)(11)(E) for future earnings debtor Robin Kelin lost as a consequence of her injuries. She therefore is not entitled to receive any of the settlement proceeds based on this allowed exemption.

The Bankruptcy Code provides no guidance concerning what qualifies as lost future earnings for purposes of § 522(d)(11)(E). The law of Illinois—the *locus* of the motor vehicle collision and lawsuit—is, however, instructive in this regard.

■ Standing alone, a mere reduction in one's future earnings as a result of an injury is not sufficient under Illinois law to qualify as lost future earnings. An award for loss of future earnings compensates the injured party for *impairment* of his or her *earning capacity*. LaFever v. Kemlite Company, 185 Ill.2d 380, 405, 706 N.E.2d 441, 455, 235 Ill.Dec. 886 (1998). It is calculated by deducting the amount the injured party is *capable* of earning after an injury from the amount he or she was *capable* of earning prior to the injury. *Id.*

Sworn testimony by debtor Robin Kelin indicated that she suffered no impairment of her earning capacity as a result of her injuries. In response to a query from the chapter 7 trustee, debtor Robin Kelin testified that she had fully recovered from her injuries. From this we infer that she was capable of performing the same kind of work she did prior to the injury.

Apart from the period when she was not able to work at her old job due to her injuries, there is nothing to indicate that debtor Robin Kelin's earning capacity was diminished in any way. The decrease in her income after she *voluntarily* quit her job in Illinois and relocated to Pennsylvania was due to a lower prevailing wage in that region of Pennsylvania; it was not due to a reduction in her earning capacity.

We conclude in light of the foregoing that debtor Robin Kelin is not entitled to receive any of the settlement proceeds by virtue of the allowed exemptions in the lawsuit she claimed in accordance with §§ 522(d)(11)(D) and (d)(11)(E).

■ This does not, however, conclude our analysis. Debtor Robin Kelin *is* entitled to receive a portion of the settlement proceeds by virtue of the allowed exemption in the lawsuit she claimed in accordance with § 522(d)(5), the so-called "wild

card" provision. The chapter 7 trustee has conceded as much.

According to the version of § 522(d)(5) which was in effect when debtors filed their chapter 7 petition, debtor Robin Kelin was entitled to exempt up to $925 of her aggregate interest in *any* property plus up to $8,725 of any unused portion of the homestead exemption found at § 522(d)(1). We previously determined that debtor Robin Kelin had a property interest in the above lawsuit when this bankruptcy case commenced.

Along with debtor Edward Kelin, debtor Robin Kelin owned real property located in Illinois that formerly served as their residence. Because they relocated to Pennsylvania and no longer used the property as their residence, neither debtor claimed an exemption in the property in accordance with § 522(d)(1). It therefore follows that debtor Robin Kelin is entitled by virtue her allowed § 522(d)(5) exemption to receive $8,725 of the settlement proceeds.

She also is entitled to exempt the unused portion of her $925 aggregate interest in "any property" provided for in § 522(d)(5). Both debtors exempted several assets in accordance with § 522(d)(5). Specifically, they exempted a mutual fund ($350), bank accounts ($400), cash on hand ($11), and a security deposit ($70). The total amount of these allowed exemptions is $831 ($350+ $400 + $11 + $70 = $831). After allowing debtor Robin Kelin to exempt one-half of the value of her aggregate interest in these jointly-owned assets—i.e. $415.50—, a total of $509.50 of the $925 contemplated in § 522(d)(5) also remains available to her ($925—$415.50 = $509.50) in addition to the unused portion of her $8,725 exemption under § 522(d)(1).

Adding these amounts together, we conclude that debtor Robin Kelin is entitled to receive $9,234.50 ($8,725.00 + $509.50 = $ $9,234.50) of her allowed § 522(d)(5) exemption. The remainder of the settlement proceeds in the trustee's account shall be distributed to creditors in accordance with the Bankruptcy Code.

An appropriate order will issue.

### *ORDER OF COURT*

AND NOW, this *11th* day of *May*, 2006, in accordance with the foregoing memorandum opinion, it hereby is ORDERED, ADJUDGED and DECREED that:

(1) debtor Edward SHALL NOT receive any of the settlement proceeds from the lawsuit brought by debtor Robin Kelin against Commonwealth Edison Company;

debtor Robin SHALL receive $9,150.50 of the settlement proceeds from the lawsuit; and

the chapter 7 trustee SHALL distribute the remainder of the settlement proceeds from the lawsuit to creditors in accordance with the Bankruptcy Code.

It is SO ORDERED.